On Rehearing.
 

 O’NIELL, Chief Justice.
 

 A rehearing was granted to both Isadore M. Goldberg and Banta Bros.
 

 Banta Bros, make three complaints of the judgment of this court. It is said, first, that there is an error of $216.50, to the prejudice of Banta Bros., in the addition of the items for material and labor, for which Goldberg 'was given credit;
 
 *21
 
 second, that the court should have allowed Banta Bros.’ claim of $562.25 for culvert excavation; and, third, that the court should not have allowed Goldberg credit for the item of $1,196.25 for 435 yards of gravel which he furnished to Banta Bros., at $2.75 per yard.
 

 Taking up Banta Bros.’ first complaint, it appears that the judge of the district court deducted from Banta Bros.’ claim of $5,042.76 several items for which Goldberg was given credit, and which the judge said amounted to $2,187.50, thus reducing the claim of Banta Bros, to -$2,855.26. One item in the total sum of $2,187.50 for which the judge gave Goldberg credit is the item of $1,196.25 for the 435 yards of gravel, which Goldberg furnished to Banta Bros., at $2.75 per yard; which is the subject of Banta Bros.’ third complaint. The other items making up the sum of $2,187.50, for which the judge gave Goldberg credit, were for labor and material furnished, and for the hauling of material, in the completing of Banta Bros.’ contract. For the latter items the judge gave Goldberg credit for $991.25. The items referred to, however, amount to only $892.25. There is an error of $99, and not $216.50, as claimed by Banta Bros. The $117.50 difference consists of an error of $10 in Banta Bros.’ statement of the total amount which the judge gave Goldberg credit for, and an item of $107.50 for labor furnished, and for which the record leaves no doubt that the judge intended to give Goldberg credit. Banta Bros.’ first complaint, therefore, to the extent of $99, is well founded.
 

 Banta Bros.’ second complaint is that they were not allowed their claim of $562.25 for 2,249.9 yards of culvert excavation at 25 cents per yard. A reconsideration of the matter has convinced us that Banta Bros, are entitled to be paid for this work the amount which Goldberg received for it from the highway commission, less the commission of 11% per cent, which Banta Bros, agreed to allow Goldberg. The net sum is $497.59. Banta Bros, did the work, and Goldberg was paid for it by the highway commission. That is admitted by Goldberg. He does not admit the extent of the culvert excavating done by Banta Bros., but the record sustains the estimate. It is true that excavating was not specified in the subcontract or assignment from Goldberg to Banta Bros.; but the fact is that the excavating had to be done in order that the culverts could be constructed; and, when Banta Bros, did the work they merely carried'out Goldberg’s obligation, for which Banta Bros, are entitled to receive 88% per cent, of what Goldberg received from the highway commission.
 

 Banta Bros.’ third complaint is that Goldberg should not have credit for the 435 yards of gravel which he furnished to Banta Bros., at $2.75 per yard. They do not deny that the gravel was furnished to them by Goldberg, nor do they dispute either the quantity or the price of the
 
 *23
 
 gravel furnished. Their only objection to paying Goldberg for the gravel is their contention that he did not pay the highway commission for it, and did not show that he was legally liable to the highway commission for the price or value of the gravel. Goldberg testified that the highway commission had charged him for the gravel. It does not affect Banta Bros.’ obligation, to pay Goldberg the price of the gravel, whether Goldberg has paid or will pay the highway commission for it. The highway commission has not disputed Goldberg’s title to the gravel which he furnished to Banta Bros., and is not demanding of Banta Bros, the price or value of the gravel. The judge of the district court was right in giving Goldberg credit for this item of $1,196.25 in the balancing of accounts between Goldberg and Banta Bros.
 

 Goldberg, in his application for a rehearing, complains, first, of the imposing of the court costs upon him, and, second, of the allowing of interest on the balance found to be due to Banta Bros. Goldberg suggests that the costs of both courts should be divided equally between him on the one hand and Banta Bros, and Hathorn on the other hand. We see no reason, however, for a departure from the general rule stated in articles 549 and 551 of the Code of Practice, that the party against whom judgment is rendered, even for less than the other party claims, must pay the costs of the court of original jurisdiction. And we see no reason for a departure from the rule stated in article 908 of the Code of Practice, that the party to whose prejudice a judgment is amended by the appellate court must pay the costs of the appeal. Accordingly,, Goldberg must pay the costs incurred in the district court, and Banta Bros, the costs of this appeal.
 

 Goldberg’s contention that Banta Bros, should not be allowed interest on the balance due them is based upon the rule that, when a sum of money in dispute is deposited in court, the litigant who is adjudged entitled to the money or a part of it is not entitled to interest, except such interest as the depository pays. That rule relieves the depositor of the obligation to-pay interest, but it does not relieve a litigant of his obligation to pay interest on a debt due to another litigant, when the deposit is made by a third party. It is argued by counsel for Goldberg that Banta Bros, caused his money to be impounded, and deprived him of the use of it, by instituting this concursus proceeding. But what really caused the fund held by the highway commission to be impounded was the fact that there were liens recorded against it. The depositing of the money in court by the highway commission did not relieve Goldberg of his obligation to pay interest on the debt which he owed to Banta Bros.
 

 The judgment appealed from is amended by reducing the amount allowed to Banta Bros, from $2,855.25 to $2,666.91, and, as
 
 *25
 
 thus amended, the judgment is affirmed. Isadore M. Goldberg is to pay the costs incurred in the district court, and Banta Bros, the costs of this appeal.